**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
# ENTRY REGARDING MOTION
=======================================================================

**In re Frostbite Mine**                                    **Docket No. 12-1-11 Vtec**
**(Appeal from Environmental Commission District Coordinator Jurisdictional Opinion)**

Title: Motion to Strike Questions 11, 16-18, & 26-28 (Filing No. 2)

Filed: March 30, 2011

Filed By: Interested Person Vermont Agency of Natural Resources

Response in opposition filed on 4/15/11 by Appellant Windsor Minerals, Inc.

Reply to response in opposition filed on 4/28/11 by Appellee NRB and Interested Person ANR

Sur-Reply in opposition filed on 5/3/11 by Appellant Windsor Minerals, Inc.


___ Granted                    ___ Denied                    _X_ Other


Windsor Mills, Inc. ("Appellant") appeals a jurisdictional opinion issued by the District 2 Environmental Commission Coordinator ("the District Coordinator"), and has filed a Statement of Questions ("SOQ") outlining 31 questions for review in this appeal. The District Coordinator concluded that, despite the closure of the Frostbite Mine in Ludlow, Vermont, Act 250 jurisdiction remains attached to the mine based on alleged permit violations and unpermitted material changes to the development prior to closure. The Vermont Agency of Natural Resources ("ANR") has now filed a motion to strike seven of the 31 questions from the SOQ.

In an Entry Order we issued today addressing a motion to strike filed by the Vermont Natural Resources Board Land Use Panel ("NRB"), we concluded that NRB's motion to strike was essentially a motion to dismiss and also concluded that we must treat the motion as one for summary judgment under V.R.C.P. 12(b)(6). The same is true for ANR's motion to strike. ANR's motion is the equivalent of a motion to dismiss individual questions. However, because we must consider matters outside the pleadings to resolve the issues presented, it is appropriate to convert ANR's motion into one for summary judgment. See V.R.C.P. Rule 12(b)(6) (stating that the Court must treat a motion to dismiss as a motion for summary judgment under Rule 56 when "matters outside the pleading are presented to and not excluded by the court").

We note that the parties have already submitted substantial legal memoranda and factual representations. However, we wish to give the parties the opportunity to submit any additional legal memoranda or affidavits that they would like the Court to consider. See V.R.C.P. 12(b)(6) (directing that when a trial court converts a pending motion to one requesting summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56").

Accordingly, ANR shall have until **Friday, November 25, 2011** to submit any additional material in support of its pending motion. Appellant and NRB shall have until **Friday, December 9, 2011** to submit additional responses to ANR's filings. If the parties do not wish to file supplemental material, they should promptly inform the Court so that the Court may proceed to make a final determination on the pending motion.

_____          ____November 3, 2011_____
              Thomas S. Durkin, Judge                                        Date

=======================================================================

Date copies sent to: _____                    Clerk's Initials _____

Copies sent to:

  George McNaughton, Attorney for Appellant Windsor Minerals, Inc.

  John H. Hasen, Attorney for Appellee Natural Resources Board

  Jon Groveman, Attorney for Interested Person Agency of Natural Resources